IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRENNAN CENTER FOR JUSTICE** )<br>1140 Connecticut Avenue, N.W. )<br>Suite 1150 )<br>Washington, DC 20036, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>**DEPARTMENT OF STATE** )<br>2201 C Street, N.W. )<br>Washington, DC 20520, )<br>  )<br>  Defendant. )<br>_____ ) | Civil Action |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

(1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Plaintiff seeks injunctive and declaratory relief to compel defendant Department of State to disclose requested records.

### Jurisdiction and Venue

(2) This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### The Parties

(3) Plaintiff Brennan Center for Justice at New York University School of Law was created in 1995 by the clerks and family of the late Supreme Court Justice William J. Brennan, Jr. as a living memorial to his belief that the Constitution is the genius of American law and politics, and that the test of our institutions is how they treat the most vulnerable among us. The

Brennan Center is a nonpartisan law and policy institute that seeks to improve the nation's systems of democracy and justice.  The Brennan Center is helping to lead the fight for an American democracy that includes all members of our diverse society and is centered on the voices and active participation of ordinary people and communities, for a more transparent and accountable national security system, for fair and impartial courts, and for a justice system that is racially fair and focused on public safety rather than harsh punishment.  The Brennan Center maintains offices in New York City and in Washington, DC.

(4)  Defendant Department of State is a department of the Executive Branch of the United States Government.  Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f).

**Plaintiff's FOIA Request and Defendant's Response**

(5)  By letter to defendant dated January 31, 2014, plaintiff requested under the FOIA copies of agency records.  Specifically, plaintiff requested records pertaining to defendant's non-publication of certain international executive agreements under 1 U.S.C. § 112a and the transmission of such agreements to Congress under the Case-Zablocki Act (1 U.S.C. § 112b).  The Case-Zablocki Act establishes a "formal procedure for the transmittal to Congress of all executive agreements" to avoid the occurrence of  "secret agreements" and maintain a "proper working relationship between the Congress and the executive branch in the area of foreign affairs."[1]  Plaintiff's FOIA stated, in pertinent part, as follows:

> In order to better understand the scope and nature of international agreements that have been withheld from the full Congress and the public on national security grounds, the Brennan Center requests the following documents:
> 1. Any records setting forth, reflecting, establishing, or directly or indirectly indicating:

---

[1]  H. Rept. 92-1301, 92nd Cong. (1972).

    a. The number of international agreements that have been withheld from publication in United States Treaties and Other International Agreements during the period 1990 to the present, or any shorter time period therein, based on a determination pursuant to 1 U.S.C. § 112a(b)(2)(D) that public disclosure would be prejudicial to the national security of the United States;

    b. The number of international agreements that have been withheld from publication in United States Treaties and Other International Agreements during the period 1990 to the present, or any shorter time period therein, pursuant to 22 C.F.R. § 181.8(a)(9) because they were given a national security classification;

    c. The number of international agreements transmitted to the Committee on Foreign Relations of the Senate and the Committee on International Relations of the House of Representatives under "an appropriate injunction of secrecy" during the period 1990 to the present, or any shorter time period therein, due to a determination that immediate public disclosure would be prejudicial to the national security of the United States pursuant to 1 U.S.C. § 112b(a);

    d. The number of international agreements described in subpart (c) of Request #1 that remain under the injunction as of the date of this request;

    e. The number of international agreements described in subpart (c) of Request #1 for which the injunction was removed "upon due notice from the President" pursuant to 1 U.S.C. § 112b(a); and

    f. The title, date, identity of parties, and description of any international agreements described in subpart (e) of Request #1.

2. Any unclassified reports, and any unclassified portions of classified reports, submitted to Congress pursuant to 1 U.S.C. § 112b(d)(1) from 1972 to the present.

3. Any report submitted to the Speaker of the House of Representatives and the chairman of the Committee on Foreign Relations of the Senate pursuant to 1 U.S.C. § 112b(b) from 1979 to the present.

4. Any records reflecting, setting forth, describing, or establishing any policy, criteria, interpretation, or guidelines regarding:

    a. What constitutes an "appropriate injunction of secrecy" under 1 U.S.C. § 112b(a);

    b. What constitutes a disclosure "prejudicial to the national security of the United States" under 1 U.S.C. § 112b(a); and

    c. Any other terms or provisions of 1 U.S.C. § 112b(a); and

    d.  Any terms or provisions of 1 U.S.C. § 112a(b)(2)(B), 1 U.S.C. § 112a(b)(2)(D), 1 U.S.C. § 112a(c), 1 U.S.C. § 112b(b), 1 U.S.C. § 112b(d), 1 U.S.C. § 112b(e), 22 C.F.R. § 181.2(a)(1), or 22 C.F.R. § 181.7.

(6)  In its letter to defendant dated January 31, 2014, plaintiff requested expedited processing of its FOIA request pursuant to 5 U.S.C. § 552(a)(6)(E) and implementing regulation 22 C.F.R. § 171.12(b).  Plaintiff further requested a waiver of all search, review, and duplication fees associated with this request pursuant to 5 U.S.C. § 552(a)(4)(A) and 22 C.F.R. § 171.14.

(7)  By letter to plaintiff dated February 26, 2014, defendant acknowledged receipt of plaintiff's FOIA request.  Defendant informed plaintiff that its request for expedited processing was denied and its request for a waiver of processing fees was granted.

(8)  By letter and electronic mail to defendant dated May 23, 2014, plaintiff noted that it had received no communications from defendant subsequent to the letter dated February 26, 2014, and plaintiff inquired as to the status of its FOIA request and asked to be informed of an estimated date of completion.

(9)  By electronic mail to plaintiff dated May 27, 2014, defendant acknowledged receipt of plaintiff's inquiry of May 24, 2014, but provided no anticipated completion date for plaintiff's FOIA request.

(10)  By electronic mail to defendant dated July 30, 2014, plaintiff noted its previous correspondence and again requested that defendant provide an estimated date of completion for its FOIA request.

(11)  By electronic mail to plaintiff dated July 31, 2014, defendant stated that plaintiff's FOIA request was "still open" and that "[t]he searches are still pending."  Defendant further stated that, "[t]he estimated completion date (ECD) for this case is: December 2014."

(12) By electronic mail to defendant dated July 6, 2015, plaintiff noted that its FOIA request "now has been pending for nearly a year and a half" and that defendant had informed plaintiff "almost a year ago" that the "estimated completion date" was December 2014. Plaintiff again requested to know "when [it] can expect a response to [its] FOIA request."

(13) On July 16, 2015, plaintiff requested the assistance of the Office of Government Information Services ("OGIS") in its efforts to obtain a response to its FOIA request from defendant. During the course of OGIS's efforts to assist plaintiff, defendant advised plaintiff that the "estimated completion date" for the request was April 2016.

(14) To date, plaintiff has not received a determination or any response from defendant concerning the FOIA request plaintiff submitted on January 31, 2014.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

(15) Plaintiff repeats and realleges paragraphs 1-14.

(16) Plaintiff has exhausted the applicable and available administrative remedies with respect to defendant's processing of plaintiff's FOIA request.

(17) Defendant has wrongfully withheld the requested records from plaintiff by failing to comply with the statutory time limit for rendering a determination or response to plaintiff's FOIA request.

(18) Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. Order defendant Department of State to disclose all non-exempt records responsive to

plaintiff's FOIA request immediately;

B.  Issue a declaration that plaintiff is entitled to disclosure of the requested records;

C.  Provide for expeditious proceedings in this action;

D.  Award plaintiff its costs and reasonable attorneys fees incurred in this action;

and

E.  Grant such other relief as the Court may deem just and proper.


Respectfully submitted,

/s/ David L. Sobel

DAVID L. SOBEL, D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff*